Kristen DAY; Sonna L. Day; Cody Echols; David C. Eichman; Brandi P. Gillette; Christopher J. Heath; Amy E. Hughes; Jeraldyn L. Hughes; Kenneth H. Hughes; Nicole C. Keene; Heidi L. Landherr; Roberta K. MacGregor; Robert R. Manzel; Karla A. Manzel; Kayla L. Manzel; Jonathan D. Miller; Mary L. Miller; Lashonda M. Montgomery; Michelle Prahl; Kyle Rohde; Marcy R. Rutan; Joshua B. Sheade; Jamie Whittenberg; Lindsey D. Whittington, Plaintiffs–Appellants,

v.

Richard BOND, Chairman of the Kansas Board of Regents; Donna L. Shank; Janice Debauge; William R. Docking; Lewis L. Ferguson; Frank Gaines; Nelson Galle; James Grier, III; Deryl W. Wynn, Members of the Kansas Board of Regents in their official capacity; Cindy Derritt, Registrar of the University of Kansas in her official capacity; Monty Nielson, Registrar of Kansas State University in his official capacity; Lehymann F. Robinson, Registrar of Emporia State University in his official capacity, Defendants–Appellees,

Kansas League of United Latin American Citizens; The Hispanic American Leadership Organization, Kansas State Chapter; A. DOE; J. Doe; L. Doe, Defendants–Intervenors–Appellees,

Kathleen Sebelius, personally and in her official capacity as Governor of Kansas, Defendant.

Honorable Alan K. Simpson; Honorable Lamar S. Smith; Washington Legal Foundation; Thomas J. Brennan; Zan Brennan; Brigette Brennan; Allied Educational Foundation; Kansas Association of School Board, Inc., Amici Curiae.

No. 05–3309.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 2007.

Kris W. Kobach, Kansas City, MO, Michael M. Hethmon, Federation for American Immigration Reform, Washington, DC, for Plaintiff–Appellants.

Clayton L. Barker, Leawood, KS, David W. Davies, Johnson County District Attorney's Office, Olathe, KS, Michael F. Delaney, Spence, Fane Britt & Browne, Overland Park, KS, William Scott Hesse, Office of Attorney General, Topeka, KS, Michael C. Leitch, Kansas Attorney General, Topeka, KS, for Defendants–Appellees.

Before LUCERO, Circuit Judge, and McWILLIAMS and EBEL, Senior Circuit Judges.

## ORDER

EBEL, Senior Circuit Judge.

Plaintiffs–Appellants filed a petition for rehearing and for consideration en banc seeking review of our decision affirming

the dismissal of their preemption and equal protection claims.[1] In the district court, Plaintiffs challenged a Kansas statute—Kan. Stat. Ann. § 76–731a—that allows certain non-U.S. citizens to pay instate tuition rates while attending Kansas post-secondary educational institutions. The district court dismissed each of the relevant claims for lack of standing.

On appeal, we affirmed the district court's dismissal of Plaintiffs' equal protection claim for lack of standing. *Day v. Bond,* 500 F.3d 1127, 1130 (10th Cir.2007). We then addressed Plaintiffs' preemption claim, and noted that "[t]he only form of injury that the Plaintiffs assert in support of their standing to make this preemption claim is the invasion of a putative statutory right conferred on them by [8 U.S.C.] § 1623." *Id.* at 1136. Accordingly, to determine if Plaintiffs had alleged the requisite injury in fact necessary for standing purposes, we analyzed whether § 1623 confers a private right of action. *Id.* We affirmed the district court's dismissal of the preemption claim after concluding that Plaintiffs lacked standing because § 1623 did not confer a private right of action. *Id.* at 1139.

After reviewing Plaintiffs' petition, we conclude that Plaintiffs' arguments do not justify rehearing because our decision does not conflict with prior decisions of the Supreme Court, the Tenth Circuit, or our sister circuits.[2] We recognize, however, that certain facets of this case are complex and that additional explanation may clarify the logic supporting our conclusions. Accordingly, we address below why it is ap-

propriate to deny Plaintiffs' request for rehearing in spite of two of the issues raised in the petition.[3]

## I. Whether our opinion concluded that preemption claims generally require a plaintiff to demonstrate a private right of action, and if so, whether our opinion conflicts with precedent from the Tenth Circuit, our sister circuits, and the Supreme Court

First, Plaintiffs contend that our opinion concludes that a private right of action is a necessary prerequisite in all instances to establish federal question jurisdiction for preemption claims. They argue that this conclusion conflicts with prior decisions of the Supreme Court, the Tenth Circuit, and our sister circuits. Plaintiffs, however, apparently misunderstand the nature of our conclusion regarding the relationship between the alleged statutory right and their preemption claim. Their confusion on this point apparently stems from the unique nature of the injury they asserted in relation to their preemption claim. As we recognized in the opinion, Plaintiffs' only form of alleged injury for their preemption claim was "the invasion of a putative statutory right conferred on them by [8 U.S.C.] § 1623." *Id.* at 1136. Therefore, if § 1623 did not confer such a right on Plaintiffs, they would lack *standing* for their preemption claim. Our standing analysis thus required us to analyze whether § 1623 confers a private right of action. *Id.* This is a distinct question from whether a private right of action exists for the purposes of *federal question jurisdiction.*

---

1. See *Day v. Bond,* 500 F.3d 1127 (10th Cir. 2007), for a full discussion of the facts in this case.

2. The petition was circulated to all members of the court who are in active service. No judge called for a poll. Accordingly, the request for rehearing en banc is denied.

3. We find no merit in any of the other issues raised in the petition for rehearing and do not feel that further discussion of those matters is warranted.

In support of their contention, Plaintiffs assert that our opinion conflicts with this court's decision in *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258 (10th Cir.2004), because our standing analysis required Plaintiffs to demonstrate that § 1623 confers a private right of action. Plaintiffs make much of the language in *Qwest* that states "[a] party may bring a claim under the Supremacy Clause that a local enactment is preempted even if the federal law at issue does not create a private right of action." 380 F.3d at 1266. Our conclusion, however, does not conflict with *Qwest* because there this court did not determine that a plaintiff may bring a preemption claim without *standing*. In fact, the plaintiff in *Qwest* clearly alleged a sufficiently particularized economic injury based on a newly enacted Santa Fe ordinance.[4] *Id.* at 1262–63. Accordingly, given the clear presence of a particularized injury, this court did not explicitly address that element of the standing inquiry.

Plaintiffs also assert that our opinion is at odds with cases from several other circuits: *Puerto Rico Telephone Co. v. Municipality of Guayanilla*, 450 F.3d 9 (1st Cir.2006); *Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324 (5th Cir.2005); *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261 (9th Cir.1994); and *Western Air Lines, Inc. v. Port Authority of New York & New Jersey*, 817 F.2d 222 (2d Cir.1987). We disagree because each of these cases can be distinguished in the same manner as *Qwest*. Specifically, in each case, the plaintiffs had a sufficiently particularized injury to support standing for their claim. *Puerto Rico Tel. Co.*, 450 F.3d at 11, 16 (plaintiff alleged injury based on a potentially preempted local ordinance that required the plaintiff to pay 5% of its gross revenues to a municipality);

*Sanchez*, 403 F.3d at 328 (plaintiff alleged injury based on a potentially preempted state statute that restricted the distribution of federal family planning funds to entities—like the plaintiff—that provided abortions); *Bud Antle, Inc.*, 45 F.3d at 1264–65 (plaintiff alleged injury based on costs of complying with potentially preempted state labor law); *W. Air Lines, Inc.*, 817 F.2d at 223 (plaintiff alleged injury based on a potentially preempted state agency rule that prevented the plaintiff from establishing a route between LaGuardia and Salt Lake City airports). Accordingly, in each of the cases cited by Plaintiffs, the court did not have reason to explicitly address the standing issue because the Plaintiffs alleged a particularized injury, and instead only determined that a private right of action under a federal statute that allegedly preempted the offending statute was not a prerequisite to bring a preemption claim. *Puerto Rico Tel. Co.*, 450 F.3d at 14–15; *Sanchez*, 403 F.3d at 334; *Bud Antle, Inc.*, 45 F.3d at 1269; *W. Air Lines, Inc.*, 817 F.2d at 225–26. Therefore, the distinction between these cases and the instant case is clear: only in the instant case are we required to consider the effect of a lack of a private right of action in the context of *standing*.

Plaintiffs also complain that our decision conflicts with Supreme Court precedent. In particular, Plaintiffs argue that our opinion is inconsistent with *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), and *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). In *Shaw*, the Supreme Court asserted that "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the

---

**4.** Specifically, in *Qwest*, the plaintiff alleged that the ordinance would result in a 59% increase in its operating costs in Santa Fe. *See* 380 F.3d at 1262–63.

Supremacy Clause, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." 463 U.S. at 96 n. 14, 103 S.Ct. 2890. Similarly, in *Crosby*, the Supreme Court permitted a plaintiff to pursue a preemption claim under the Supremacy Clause even though it was not clear that the federal law at issue gave rise to a private right of action. 530 U.S. at 370–71, 120 S.Ct. 2288.

These cases support the general proposition that a federal law need not include a private right of action in order to support *federal question jurisdiction* when a party pursues a preemption claim arising under the Supremacy Clause. *Shaw* and *Crosby* do not, however, support the proposition that a party does not need to establish that it has *standing* before it may pursue such a claim. Thus, these cases do not conflict with our opinion.

## II. Whether our decision requiring a private right of action to establish Plaintiffs' standing for their preemption claim conflicts with Tenth Circuit precedent

Additionally, Plaintiffs contend that our decision requiring a private right of action to establish standing for their preemption claim conflicts with a prior Tenth Circuit decision. Specifically, Plaintiffs argue that by requiring them to demonstrate that § 1623 confers a private right of action, our standing analysis for their preemption claim conflicts with *In re Special Grand Jury 89–2*, 450 F.3d 1159 (10th Cir.2006). In *Grand Jury*, we decided two issues relevant to the standing inquiry in the instant case. First, we noted that an inju-

ry in fact only requires an injury to be "the sort of interest that courts think to be of sufficient moment to justify judicial intervention." *Id.* at 1172. Second, we noted that "there is no requirement that the legal basis for the interest of a plaintiff that is 'injured in fact' be the same as, or even related to, the legal basis for the plaintiff's claim." *Id.* at 1173.

Neither of these determinations alter the logic of our opinion in the instant case. As previously stated, Plaintiffs' only claimed injury in regard to their preemption claim rests on the invasion of a statutory right that Plaintiffs claimed § 1623 conferred on them.[5] Accordingly, *Grand Jury*'s statement that a "judicially cognizable interest" can exist even if the interest is not "protected by law" has no effect because Plaintiffs' only claimed injury *relies explicitly and entirely* on their asserted rights under statutory law. Accordingly, in such circumstances, our decision does not conflict with *Grand Jury*.

## III. Conclusion

In sum, the cases that Plaintiffs believe conflict with our opinion do no such thing. In each of these cases, it is clear that a sufficiently particularized injury existed in order to support standing. Here however, Plaintiffs have not asserted the existence of any such particularized injury. Although Plaintiffs may generally bring a preemption claim without an implied private right of action, in this particular instance, they do not have standing to do so because they have asserted no separate injury. Accordingly, we DENY the peti-

---

**5.** Plaintiffs do attempt to assert other injuries in conjunction with their equal protection claims. Our previous opinion addressed those assertions and concluded that they were insufficient to establish standing. Those alleged injuries were not asserted as a basis for

their preemption claim. However, if they had been, they would be subject to the same defects and insufficiencies pointed out in our prior discussion regarding the Plaintiffs' equal protection claim.

tion for rehearing with suggestion for rehearing en banc.